```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
SUMMER INFANT, INC.,               )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )      C.A. No. 15-218 S
                                   )
CAROL E. BRAMSON, ET AL.,          )
                                   )
        Defendants.                )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Carol E. Bramson's Motion for Order Requiring Plaintiff to Advance Expenses ("Bramson's Motion"). (ECF No. 132.) The Court hereby GRANTS IN PART and DENIES IN PART Bramson's Motion and ORDERS the following:

- With respect to Duffy & Sweeney's fees, the Court ordered that Duffy & Sweeney file an affidavit attesting that all of the fees submitted for 100% advancement, and any bills submitted on behalf of third party vendors, are on behalf of Bramson alone. Duffy & Sweeney filed said affidavit on January 27, 2016. (ECF No. 149.) Accordingly, Summer Infant, Inc. ("Summer") shall advance all outstanding claimed Duffy and Sweeney fees within two weeks of this Order.

- After reviewing Mintz Levin's bills in camera, the Court grants in part and denies in part Bramson's advancement request with respect to Mintz Levin. In particular, the Court notes that the majority of the fees were incurred by "NJ Sterling." Nancy J. Sterling's firm biography indicates that she is a Senior Vice President of Strategic Communications at ML Strategies, a wholly owned consulting affiliate of Mintz Levin. She is not an attorney, and her bills

indicate she was performing work typically done by a public relations agency, such as monitoring news media and administering press releases. The Court finds that these fees are not "reasonably incurred" in connection with this litigation. Accordingly, Bramson shall resubmit to Summer a request for advancement with respect to Mintz Levin, including only fees billed by attorneys. This request shall be accompanied by an affidavit attesting that those fees are on behalf of Bramson alone, <u>and in the opinion of Mintz Levin, are within the scope of the Indemnification Agreement</u>. Summer shall advance the requested fees within two weeks of receiving the request, without prejudice to Summer's right to challenge these fees at a later indemnification proceeding.

- Going forward, all requests for advancement shall include affidavits by counsel attesting that those fees are within the scope of the Indemnification Agreement and on behalf of Bramson alone.

- The Court further awards Bramson the attorney's fees associated with her Motion for Order Requiring Plaintiff to Advance Expenses. Duffy & Sweeney shall file an affidavit with the Court attesting to the amount of those fees (broken down by number of hours and billable rate) within one week of this Order. Summer shall pay the fees associated with Bramson's Motion within 30 days of Duffy & Sweeney's filing.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: February 2, 2016

2